

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

June 17, 2008



Clerk, Southern District of California
Edward J. Schwartz Federal Building
880 Front Street, Suite 4290
San Diego, CA 92101-8900

Re:   Transfer of Our Case No. CR 98-00043-WDK

      Assigned Your Case No. 08-CR-7027 IEG

      Case Title: USA v David Daniel Thomas Wilkerson

Dear Sir/Madam:

☐   Enclosed are the original and one copy of Probation Form 22, Transfer of Jurisdiction, in the above-entitled matter which has been approved by this court. Please present them to your court for approval.

Upon approval, please return the **original** to this office and we will send you the necessary documents from our file. If you assign a case number at this time, please indicate same on the copy of this letter and return that also.

☒   Transfer of probationary jurisdiction to your district having been approved in the above-entitled matter, enclosed are the certified copies of: 1) indictment/information, and 2) judgment and probationary order.

Please acknowledge receipt of these documents on the copy of this letter and return to this district.

Sincerely,

Clerk, U.S. District Court

By   Lori Muraoka
     Deputy Clerk

cc:   Probation Office, Central District of California
      Probation Office, District of Origin

================================================================================
**Acknowledgment of Receipt**

Receipt is hereby acknowledged of the enclosures referred to above.

Clerk, U.S. District Court

_____           By _____
Date                                          Deputy Clerk

CR-22 (01/01)                TRANSMITTAL LETTER - PROBATION TRANSFER OUT

**COPY**  *FILED JUN 1 0 2008 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY ___ DEPUTY*  **ORIGINAL**

PROB 22
(Rev. 2/88)

# TRANSFER OF JURISDICTION

| | DOCKET NUMBER *(Tran. Court)* |
|---|---|
| | CR 98-00043 |
| | DOCKET NUMBER *(Rec. Court)* |
| | '08 CR 7027 IEG |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| David Daniel Thomas Wilkerson<br>10429 Lake Breeze Drive<br>Spring Valley, CA 91977-3471 | Central District of California | Los Angeles |

| | NAME OF SENTENCING JUDGE |
|---|---|
| | Honorable William D. Keller |

| DATES OF PROBATION/SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| | 02/21/08 | 02/20/13 |

**OFFENSE**

18 USC 2113(a)(d): Armed Bank Robbery (Count 2).
18 USC 924(C): Use of a Firearm During a Crime of Violence (Count 3).

---

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE ___CENTRAL___ DISTRICT OF ___CALIFORNIA___

   IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the   Southern District of California   upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

MAY 2 2 2008
*Date*                                                    *United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE ___SOUTHERN___ DISTRICT OF ___CALIFORNIA___

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

6/9/08
*Effective Date*                                          *United States District Judge*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CRIMINAL MINUTES - SENTENCING AND JUDGMENT

Case No: <u>CR98-43(B)-WDK</u>　　　　　　　　Date: <u>August 4, 1998</u>

======================================================================
PRESENT: HONORABLE WILLIAM D. KELLER, U.S. DISTRICT JUDGE

| <u>Amalia Carrillo</u> | <u>William S. Stephens</u> | <u>Carole Peterson/ Arif Alikhan</u> |
|---|---|---|
| Deputy Clerk | Court Reporter | Asst. U. S. Attorney |

======================================================================

U.S.A. vs (Dfts listed below)　　　　　Attorneys for Defendants
1) DAVID DANIEL THOMAS WILKERSON　　　　Ellen Barry, DFPD
　X pres ___bond  X custody　　　　　　　X pres ___retd  X apptd

**SENTENCE:**
XX　REFER TO JUDGMENT AND PROBATION/COMMITMENT ORDER (attached hereto).
___ SEE BELOW.
___ Imprisonment for _____ on each of count(s) ___
　　Count(s) _____ concurrent/consecutive to count(s) ___
___ Fine of $ _____ is imposed on each of count(s) ___
___ Execution ___ Imposition of Sentence as to imprisonment only suspended on counts _____.
___ Imposition of fine suspended on count(s) _____.
___ Confined in a jail-type institution for _____ to be served on consecutive _____ from _____ to _____, commencing _____ to _____, and thereafter until the jail-type sentence has been completed;
___ ___ months/years ___ SUPERVISED RELEASE ___ PROBATION imposed on count(s) ___ consecutive/concurrent to count(s) _____
under the usual terms and conditions (see back of Judgment/Commitment Order) and the following additional terms and conditions, under the direction of the Probation Office:
___ Perform _____ hours of community service.
___ Serve _____ in a CCC/CTC.
___ Pay $ _____ fine in amounts and times determined by P/O.
___ Make $ _____ restitution in amounts and times determined by P/O.
___ Participate in a program for treatment of narcotic/alcohol addiction.
___ Pay any fine, assessment or costs imposed by this sentence & that remains unpaid at commencement of community supervision.
___ Comply with the rules/regulations of INS, if deported not return to U.S.A. illegally and upon any reentry during period of supervision report to the nearest P/O within 72 hours.
___ OTHER CONDITIONS: _____
___ Pursuant to Section 5E1.2(f), all fines are waived, including costs of imprisonment and supervision. The Court FINDS the defendant does not have the ability to pay.
___ Pay $ _____, per count, special assessment to the United States for a total of $ _____.
___ Imprisonment for _____ and for a study pursuant to 18 USC _____ with results to be furnished to the Court within _____, not later than _____, whereupon the sentence shall be subject to modification. This matter is set for further hearing on _____.
___ On Government's motion, all remaining count(s)/underlying indictment/information, ORDERED dismissed.
___ Defendant informed of right to appeal.
___ ORDER sentencing transcript for Sentencing Commission. ___ FILED statement of reasons.
___ Bond exonerated ___ upon surrender ___ upon service of _____.
___ Execution of sentence is stayed until 12 noon, _____, at which time the defendant shall surrender to the designated facility of the Bureau of Prisons or, if no designation made, to the U.S. Marshal, Los Angeles.
___ Defendant ORDERED remanded to/released from custody of U.S. Marshal forthwith.
___ Issued remand/release # _____.
___ Present bond to continue as bond on appeal.
___ Appeal bond set at $ _____.

　　　　　　　　　　　　　　　　　　　　　　　Deputy Clerk Initials _____

CR 90 (2/91)　　　　CRIMINAL MINUTES - SENTENCING AND JUDGMENT

# United States District Court
## Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA vs. | Docket No. CR98-43(B)-WDK |
| Defendant DAVID DANIEL THOMAS WILKERSON | Social Security No. ▓▓▓▓▓▓▓▓▓ |
| & Residence Metropolitan Detention Center Address 535 N. Alameda Street Los Angeles, CA 90012 | Mailing Address: 44052 Beech Ave., Lancaster, CA 93534 |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person, on this date: __Aug. 4, 1998__
Month / Day / Year

**COUNSEL:**   XX  WITH COUNSEL   Ellen Barry, DFPD, appointed
(Name of Counsel)

**PLEA:**   XX  GUILTY, and the Court being satisfied that there is a factual basis for the plea.   ___ NOLO CONTENDERE   ___ NOT GUILTY

**FINDING:** There being a finding/verdict of GUILTY, defendant has been convicted as charged of the offense(s) of: Armed Bank Robbery, in violation of Title 18 United States Code, Section 2113(a)(d), as charged in Count 2 of the Second Superseding Indictment; Use of a Firearm During a Crime of Violence, in violation of Title 18 United States Code, Section 924(c), as charged in Count 3 of the Second Superseding Indictment.

**JUDGMENT AND PROBATION/COMMITMENT ORDER:**
The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court the defendant is hereby committed to the custody of the Bureau of Prisons (BOP) for a term of: **one hundred twenty-three (123) months**. This term consists of **sixty-three (63) months** on Count 2 of the Second Superseding Indictment and **sixty (60) months** on Count 3 of the Second Superseding Indictment, to be served consecutively. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **five (5) years** on Count 2 of the Second Superseding Indictment and **three (3) years** on Count 3 of the Second Superseding Indictment, to be served concurrently under the following terms and conditions.

1) The defendant shall comply with the rules and regulations of the Probation Office and General Order 318;

2) The defendant shall participate in outpatient substance abuse treatment and submit to drug and alcohol testing, as instructed by the Probation Officer. The defendant shall abstain from using illicit drugs and alcohol, and abusing prescription medication during the period of supervision;

(CONTINUED ON PAGE TWO)

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed. the Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

Signed by: District Judge __See Page Two__
William D. Keller

It is ordered that the Clerk deliver a certified copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Dated/Filed _____8-14-98_____
Month / Day / Year

Sherri R. Carter
By See Page Two
Deputy Clerk

ENTERED
CLERK, U.S. DISTRICT COURT
AUG 14 1998
CENTRAL DISTRICT OF CALIFORNIA
BY        DEPUTY

United States District Court
Central District of California

| UNITED STATES OF AMERICA vs. | Docket No. CR98-43(B)-WDK |
|---|---|
| Defendant David Daniel Thomas Wilkerson | |

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

<u>CONTINUED FROM PAGE ONE</u>

3) The defendant shall notify the Court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution or special assessments.

Pursuant to 18 USC 3663A, it is ordered that the defendant shall make restitution to the following aggrieved party in the following amount:

| **Victim** | **Amount** |
|---|---|
| Edwards Federal Credit Union<br>44288 North Tenth Street West<br>Lancaster, CA | $113,789.00 |

Pursuant to 18 USC 3664(f)(3)(B), it is ordered that the defendant shall make restitution, to commence upon release, in the sum of $100 per quarter.

Pursuant to Sec. 5E1.2(e), of the Guidelines, all fines are waived, including the costs of imprisonment and supervision as it is found that the defendant does not have the ability to pay.

IT IS ORDERED that the defendant shall pay to the United States a special assessment of $200.

The Court grants the Government's motion to dismiss Count 1 of the Second Superseding Indictment and all underlying Indictments as to defendant David Daniel Thomas Wilkerson without prejudice.

The defendant is advised of right to appeal.

IT IS SO ORDERED.

Signed by: District Judge William D. Keller

Dated/Filed 8/7/98
Month / Day / Year

ENTERED
CLERK, U.S. DISTRICT COURT
AUG 14 1998
CENTRAL DISTRICT OF CALIFORNIA

ENTER ON ICMS
AUG 14 1998

Sherri R. Carter, Clerk
By
Deputy Clerk
Amalia Carrillo

Page Two of Two Pages

# STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this Judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any *agreement* to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall not possess a firearm or other dangerous weapon;
16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours

These conditions are in addition to any other conditions imposed by this Judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

UNITED STATES MARSHAL

DATED: _____    BY: _____

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT

DATED: 8/7/98    BY: _____

JUDGMENT AND PROBATION/COMMITMENT ORDER

I hereby attest and certify on 6/17/08 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

1198

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

FEBRUARY 1998 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 98-43(B)-WDK |
| Plaintiff, ) | **SECOND SUPERSEDING INDICTMENT** |
| v. ) | |
| JAMES DOUGLAS PRIDGEN, ) DAVID DANIEL THOMAS ) WILKERSON and ) DARRELL LANE MCCLAIN, ) ) Defendants. ) | [18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 2113(a)(d): Armed Credit Union Robbery; 18 U.S.C. § 924(c): Use or Carrying of Firearm During Crime of Violence] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

A.  **OBJECTS OF THE CONSPIRACY**

Beginning on an unknown date and continuing to on or about December 17, 1997, in Los Angeles County, within the Central District of California, defendants JAMES DOUGLAS PRIDGEN, DAVID DANIEL THOMAS WILKERSON and DARRELL LANE MCCLAIN and others unknown to the Grand Jury, conspired and agreed with each other to knowingly



and intentionally commit the robbery of the Edwards Federal Credit Union, 44288 North 10th Street West, Lancaster, California ("the credit union") in violation of Title 18, United States Code, Section 2113(a).

B. **MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED**

The object of the conspiracy was to be accomplished in substance as follows:

1. Defendants PRIDGEN, WILKERSON and MCCLAIN would steal a car that they intended to use as one of two getaway cars for the credit union robbery (the "first getaway car").

2. Defendants WILKERSON and PRIDGEN would arrive at the credit union in the first getaway car while defendant MCCLAIN would wait at a predetermined meeting place in another getaway car ("MCCLAIN's getaway car").

3. Defendants WILKERSON and PRIDGEN would enter the credit union, demand and obtain money from the credit union employees, then leave the credit union in the first getaway car and drive to the predetermined meeting place to meet defendant MCCLAIN.

4. Defendant MCCLAIN would drive defendants WILKERSON and PRIDGEN away in MCCLAIN's getaway car, and then divide the stolen money.

C. **OVERT ACTS**

In furtherance of the conspiracy and to accomplish the object of the conspiracy, defendants PRIDGEN, WILKERSON, and MCCLAIN committed various overt acts within the Central District of California, including but not limited to the following:

1.  On or about December 11, 1997, defendants WILKERSON, MCCLAIN and PRIDGEN entered the garage of a house and stole the first getaway car at gunpoint in order to use that car during the credit union robbery.

2.  Between on or about December 11, 1997 and December 16, 1997, defendants PRIDGEN, WILKERSON and MCCLAIN removed the license plate on the first getaway car and replaced it with another license plate.

3.  On December 16, 1997, defendant WILKERSON entered the credit union wearing a ski mask and carrying a shotgun.

4.  On December 16, 1997, defendant PRIDGEN entered the credit union wearing a ski mask and carrying a semi-automatic handgun.

5.  After entering the credit union, defendants WILKERSON and PRIDGEN pointed the guns at the credit union employees and customers, demanded that everyone in the credit union get down on the floor, and ordered the employees to give them money from the vault and other parts of the credit union.

5.  After robbing the credit union, defendants WILKERSON and PRIDGEN left the credit union in the first getaway car to meet MCCLAIN.

6.  Defendant PRIDGEN abandoned the first getaway car, met with MCCLAIN, and then drove away in MCCLAIN's getaway car.

7.  Defendants PRIDGEN, WILKERSON and MCCLAIN subsequently met and divided the money stolen from the credit union.

## COUNT TWO

[18 U.S.C. § 2113(a)(d)]

On or about December 16, 1997, in Los Angeles County, within the Central District of California, defendants JAMES DOUGLAS PRIDGEN, DAVID DANIEL THOMAS WILKERSON and DARRELL LANE MCCLAIN, by force, violence and intimidation, knowingly took from the person or presence of another approximately $210,920 belonging to and in the care, custody, control, management, and possession of Edwards Federal Credit Union, 44288 North 10th Street West, Lancaster, California, a credit union the deposits of which were then insured by the National Credit Union Administration Board.

In committing said offense, defendants PRIDGEN, WILKERSON and MCCLAIN assaulted and put in jeopardy the life of victim credit union employee Lori Massengale and others by using a gun, a dangerous weapon and device.

COUNT THREE

[18 U.S.C. § 924(c)]

On or about December 16, 1997, in Los Angeles County, within the Central District of California, defendants JAMES DOUGLAS PRIDGEN, DAVID DANIEL THOMAS WILKERSON and DARRELL LANE MCCLAIN knowingly used and carried firearms, namely a shotgun and a semi-automatic handgun, during and in relation to a crime of violence, namely, the robbery of Edwards Federal Credit Union, 44288 North 10th Street West, Lancaster, California.

A TRUE BILL

_____
Foreperson

NORA M. MANELLA
United States Attorney

DAVID C. SCHEPER
Assistant United States Attorney
Chief, Criminal Division

JOHN L. CARLTON
Assistant United States Attorney
Chief, Criminal Complaints

SHARON MCCASLIN
Assistant United States Attorney
Deputy Chief, Criminal Complaints

5